UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODY K. MOSLEY,

    Plaintiff,

v.                                                                                          Case No.  1:17-CV-7

BECKA MANAGEMENT, et al.,                                       HON. GORDON J. QUIST

    Defendants.
    _____/

## **OPINION**

Plaintiff, Jody K. Mosley, proceeding pro se, has filed a one-page complaint against three Defendants, which alleges:

1. I had my deposit stolen every year.
2. They have made false attempts to remove me from Section 8.
3. They keep haveng [sic] me in nonpayment of rent every year.
4. They allowed me to move in infested apartment/mold & bugs.
5. There [sic] depriving me of my housing rights, due their color problem.
6. They've [sic] now have me homeless/trying to violate me from program.
7. They've even sided with landlords who have mold and bugs.
8. Now there [sic] asking they didn't see mold or bugs.
9. They stop paying every year for there [sic] own personal reason.

Rasism [sic] Section 8 housing.  How can race hater be over Section 8.

(ECF No. 1.)  Mosley does not ask for any relief.

On January 5, 2017, the magistrate judge issued an order granting Mosley leave to proceed *in forma pauperis*.  (ECF No. 4.)  Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to *in forma pauperis* proceedings").  The Court must

read Podewell's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992).

For the reasons set forth below, Mosley fails to state a claim and his complaint must be dismissed as required by § 1915(e)(2).

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Mosley fails to allege that Defendants violated any federal law that could form the basis for this Court's jurisdiction. However, even if Mosley had cited a statute, such as the Fair Housing Act, he fails to allege specific facts showing that Defendants did anything to discriminate against him.

2

Mosley's conclusory allegations do not suffice to meet the standards of *Twombly* and *Iqbal* because they allege no more than a sheer possibility of misconduct by Defendants.

An Order consistent with this Opinion will be entered.


Dated: February 7, 2017                         /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE